UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____
MICHAEL MELENDEZ,

                                        Plaintiff,

                                                                9:06-CV-1419
                v.                                              (TJM)(DRH)

SGT. ALLEN; C.O. MITCHELL; J. MACDONALD,
Inmate Grievance Program Supervisor,

_____
                                        Defendants.
_____

APPEARANCES:                            OF COUNSEL:

MICHAEL MELENDEZ
Plaintiff, *pro se*

HON. ANDREW M. CUOMO                    ADELE TAYLOR SCOTT, ESQ.
Attorney General of the State of New York    Assistant Attorney General
Attorney for Defendants

DAVID R. HOMER, U. S. MAGISTRATE JUDGE

**DECISION and ORDER**

**I.    Introduction**

        Plaintiff Michael Melendez brings this action pursuant to 42 U.S.C. § 1983

seeking redress for the alleged violation of his constitutional rights.[1]

        Defendants answered the complaint on November 27, 2006.  Dkt. No. 81.

        Presently before the Court is a motion to compel discovery filed by plaintiff.  Dkt.

No. 102.  Plaintiff claims that defendants failed to fully comply with the Court's

November 27, 2007 Order regarding discovery.  Plaintiff also claims that defendants

_____

        [1]  The claims in issue in this action were originally filed in the United States District
Court for the Southern District of New York.  By Memorandum and Order of the Hon. P.
Kevin Castel, United States District Judge for the Southern District of New York, the claims
arising out of plaintiff's confinement at Upstate Correctional Facility were ordered severed
from that action and transferred to the Northern District.  Dkt. No. 78.

failed to properly respond to plaintiff's discovery requests, and seeks an order of this Court directing further responses.[2]

Defendants filed a response in opposition to the motion.  Dkt. No. 103.

Plaintiff has filed a reply.  Dkt. No. 108.

## II.    Discussion

### (A)  Discovery Generally

Under Rule 26 of the Federal Rules of Civil Procedure, parties may obtain discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party."  Fed. R. Civ. P. 26 (b)(1).  While not unlimited, "relevance for the purposes of discovery is 'an extremely broad concept.'"  *Melendez v. Greiner*, 2003 WL 22434101 * 1 (S.D.N.Y. 2003) (citations omitted).  Moreover, "actions alleging violations of § 1983 require especially generous discovery."  *Cox v. McClellan*, 174 F.R.D. 32, 34 (W.D.N.Y. 1997) (Feldman, M.J.) (citing the late District Judge James T. Foley's decision in *Inmates of Unit 14 v. Rebideau*, 102 F.R.D. 128 (N.D.N.Y. 1984)).

A party objecting to the disclosure of certain evidence bears the burden of establishing "precisely why its objections are proper given the broad and liberal construction of the discovery rules found in the Federal Rules of Civil Procedure." *Obiajulu v. City of Rochester, Dept. of Law*, 166 F.R.D. 293, 295 (W.D.N.Y. 1996) (Feldman, M.J.).  "General and conclusory objections as to relevance, overbreadth, or burden are insufficient to exclude discovery of requested information."  *Melendez, supra*, at *1.

---

[2]  Defendants filed a motion seeking summary judgment on June 30, 2008.  Dkt. No. 109.  Plaintiff has not yet responded to the motion.

**(B)  Discovery to Date**

Plaintiff served defendants with his first set of interrogatories and requests for production of documents ("First Discovery Request") in April, 2007.  In response, defendants objected to every request propounded by plaintiff.  See Dkt. No. 102 at 16-23 (Defendants' Response to First Discovery Request).

By letter filed November 15, 2007, plaintiff requested a telephone conference with the Court regarding discovery.  Dkt. No. 97.  Plaintiff stated his position that defendants had failed to properly respond to the First Discovery Request, and advised the Court that his efforts to resolve the dispute through correspondence with defendants' counsel had been unsuccessful.  *Id*.

A telephone conference was held on November 20, 2007, to address plaintiff's concerns regarding defendants' response to the First Discovery Request.  By Order filed November 21, 2007, defendants were directed to produce three categories of documents to plaintiff.  Dkt. No. 99 (the "November Order").

Defendants produced responsive documents to plaintiff in January, 2008. Shortly thereafter, plaintiff served his second set of interrogatories and requests for production of documents ("Second Discovery Request") on defendants' counsel.  A response was served on March 31, 2008.  Dkt. No. 101 at 45-48.

**(C)  Plaintiff's Motion to Compel**

By his motion to compel, plaintiff seeks to compel further discovery from defendants in response to both his First and Second Discovery Requests.  Plaintiff also claims that defendants failed to comply fully with the November Order and requests that

3

defendants be directed to make a further response.  Dkt. No. 102.

    (1) <u>First Discovery Request</u>

Plaintiff seeks an order directing defendants to respond further to the demands in the First Discovery Request.  Plaintiff claims that because he was not given advance notice of the telephone conference, he was not fully prepared to address all of issues relevant to the first Discovery Request and should, therefore, be permitted to raise additional matters by the present motion.  Dkt. No. 102 at 3-5; Dkt. No. 107 at 2.

Defendants urge denial of the motion on the ground that the November Order addressed plaintiff's objections to defendants' responses and should be deemed to have foreclosed further litigation with respect thereto.  Dkt. No. 103 at 3.

In the November Order, the Court directed defendants to produce three categories of documents deemed relevant to plaintiff's claims in this action, effectively overruling several of defendants' objections to the First Discovery Request.  See Dkt. No. 99.  The Court also determined that plaintiff's request for production of all inmate grievances alleging that inmate property had been destroyed in retaliation for filing grievances was unduly burdensome and overly broad, but afforded plaintiff the opportunity to identify specific inmates who were believed to have filed such grievances and to seek discovery of those specific documents.  Dkt. No. 99 at 2 n. 1.

Upon due consideration, the Court finds that the November Order properly addressed the adequacy of plaintiff's demands in the First Discovery Request and the sufficiency of defendants' responses thereto.  Accordingly, plaintiff's motion to compel further responses to the First Discovery Request is denied.

(2) <u>November Order</u>

By his motion to compel, plaintiff claims that defendants did not comply with the November Order insofar as it directed production of documents "concerning other civil, disciplinary or administrative actions brought against any remaining named defendant regarding allegations that such defendant destroyed any inmate's property in retaliation for grievances filed by that inmate." See Dkt. No. 102 at 4.

Defendants' counsel urges denial of this aspect of plaintiff's motion, claiming that the response was appropriate and complete. Dkt. No. 103 at 3-4. As to this category of documents, defendants responded as follows:

> **Response**: 1.) <u>Administrative proceedings</u>: The Court's November 21, 2007 order specifically excluded grievances filed by other inmates. 2.) <u>Disciplinary Proceedings</u>: No documents to produce. 3.) <u>Civil Actions</u>: No documents to produce.

See Dkt. No. 102 at 37-38 (Defendants' Response to Request for Production of Documents). Counsel states that she inquired of the three defendants whether they had ever been disciplined or sued for retaliating against inmates by destroying inmate property and was told by each of them that no disciplinary charges had been brought against them. Dkt. No. 103 at 3. Defendants Mitchell and MacDonald further responded that they had not been sued; defendant Allen advised that although he had been sued in the past, "he could not recall being sued for retaliating against inmates by destroying inmate property." *Id.* Based upon that response, counsel conducted a "name search for any actions against Sgt. Allen, and did not discover any in which Sgt. Allen was alleged to personally have participated in the destruction of inmate property." *Id.* at 3-4.

5

In his reply, plaintiff restates his objection to defendants' response noting, in particular, that defendants did not respond to the request for documents relating to "administrative" actions involving the defendants.  Dkt. No. 107 at 4.[3]  Plaintiff also takes issue with the scope of counsel's inquiry as outlined in defendants' motion response.  Dkt. No. 107 at 3-4.

Upon review, the Court finds that defendants' response does not address whether or not responsive documents exist regarding administrative proceedings brought against any of the three defendants.  While the Court recognizes that responsive documents may not exist, counsel must nevertheless make an appropriate inquiry and advise plaintiff of the results thereof.  Accordingly, defendants are directed to provide a supplemental response addressing the required disclosure of documents regarding "administrative actions brought against any remaining named defendant regarding allegations that such defendant destroyed any inmate's property in retaliation for grievances filed by that inmate."  As stated in the November Order, this category of documents does not include inmate grievances.  See Dkt. No. 99.  Plaintiff's motion to compel a further response to the November Order is denied in all other respects.

(3) Second Discovery Request

Plaintiff served his Second Discovery Request, consisting of eight interrogatories and two document requests, on February 15, 2008.  Dkt. No. 102 at 4.  Defendants

---

[3]  Plaintiff defines administrative actions to include "property claims and complaints to the Inspector General's Office, the Superintendent, and the Grievance Resolution Committee."  Dkt. No. 107 at 4 n. 1.  For purposes of the November Order, however, the term "administrative actions" does not include grievance filings or any responses or other proceedings thereon.

responded on March 31, 2008.  See Dkt. No. 102 at 45-48 (Defendants' Response to Second Discovery Request).  Defendants produced copies of two collective bargaining agreements in response to the first interrogatory; objected to the second and third interrogatories, and stated as to the remainder of the discovery demands, that responsive information does not exist.[4]

By his motion to compel, plaintiff seeks an order overruling defendants' objections and directing further responses.  Dkt. No. 102 at 5.

Defendants oppose the motion to compel.  Dkt. No. 103.  Defendants maintain that the responses were sufficient and that the objections asserted should be sustained.[5]

The Court has reviewed the Second Discovery Request and defendants' response thereto and has considered the arguments advanced by the parties with respect to the motion to compel.  On the basis thereof, the Court overrules defendants' objections to interrogatory 3 and directs defendants to respond thereto.  Interrogatory 3 seeks discovery of "all administrative loss of personal property claims filed at and/or against Upstate Correctional Facility from January 1, 1999 through March 1, 2001 by inmates, who claimed that while housed in 8-Block at Upstate Correctional Facility, his

---

[4]  The Court notes that the interrogatories must be answered under oath and signed by the part(ies) making the answer.  See Fed.R.Civ.P. 33(b)(3)(5).

[5]  Defendants also oppose this aspect of the motion to compel on the ground that the Second Discovery Request was not timely served in accordance with the pretrial deadlines in this action.  See Dkt. No. 103 at 4.  This argument lacks merit.  By letter dated February 6, 2008, plaintiff requested an extension of the discovery period and the discovery completion deadline was reset to April 15, 2008.  Dkt. No. 101.

personal property was loss/destroyed." See Dkt. No. 102 at 46. Defendants asserted

numerous conclusory and unsupported objections (e.g., request was overly broad,

unduly burdensome, and implicated security concerns) to this interrogatory. *Id*. In

opposition to plaintiff's motion to compel, defendants reassert these objections and, in

support thereof, proffer an affidavit from Sandra Danforth, the Steward in the Business

Office at Upstate Correctional Facility responsible for maintaining log books for inmate

reports of lost or stolen property. *See* Dkt. No. 103 at 63-64. According to Ms.

Danforth, the existing log books for the period March 2000 through March 2001 record

approximately 612 lost property claims filed by inmates at Upstate Correctional Facility.

*Id*. at 63.[6] Ms. Danforth states that the claims are logged by inmate name and DIN

number and not by housing location. In order to identify which, if any, of the 612 claims

were filed by inmates housed in 8-Block, Ms. Danforth states that the list of inmates

would have to be cross-referenced against at least two other databases, and that no

staff is available to undertake this task. *Id*. at 64. No estimate of the time required to

perform this task is provided.

    In reply, plaintiff notes that the inmate's housing location is easily determined by

review of the claim form itself, which calls for this information to be provided in box "4"

in the upper right hand corner of the form. *See* Dkt. No. 107 at 6-7 and 11. Plaintiff

therefore argues that review of the 612 forms would be neither time-consuming nor

burdensome. *Id*.

―――――――――――――

    [6] According to Ms. Danforth, records from 1999 no longer exist. *Id*. Defendants
are of course under no obligation to produce documents which do not exist.

Upon due consideration, defendants' objections to interrogatory "3" are overruled.  Defendants shall identify responsive documents and shall make those documents available to plaintiff for inspection and copying (at plaintiff's expense).[7]  Inmate names and DIN numbers may be redacted.  Plaintiff's motion to compel further responses to the Second Discovery Request is denied in all other requests.

## III.    Conclusion

WHEREFORE, it is hereby

ORDERED, that plaintiff's motion to compel (Dkt. No. 102) is **granted in part and denied in part as set forth above**, and it is further

ORDERED, that defendants shall serve their supplemental response to the November Order and shall produce responsive documents to interrogatory 3 of the Second Discovery Request **within thirty (30) days** of the filing date of this Order, and it is further

ORDERED, that plaintiff shall serve and file his papers in opposition to defendants' motion for summary judgment **no later than September 15, 2008**, and it is further

ORDERED, that the Clerk serve a copy of this Order on the parties.

**IT IS SO ORDERED.**

Dated:  July 17, 2008

_David R. Homer_
United States Magistrate Judge

---

[7]  Defendants may utilize either a manual review of the grievance forms or a computerized search to identify responsive documents.

9