**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

**MICHAEL MELENDEZ,**

                         **Plaintiff**

   **-against-**                                          **9:06-CV-1419**
                                                                      **JMH**

**SGT. ALLEN; C.O. MITCHELL; J MCDONALD, Inmate**
**Grievance Program Supervisor,**
                                    **Defendants.**

**DECISION & ORDER**

**Hood, D.J.:**

**Preliminary Statement**

Pursuant to 42 U.S.C. 1983, plaintiff brings this suit via his third amended complaint (Docket No. 87), claiming that the defendants violated his Constitutional rights. The plaintiff seeks declaratory and injunctive relief as well as compensatory and punitive damages. The matter is before the Court on Defendants' motion for summary judgment (Docket No. 109). Plaintiff has responded to the motion (Docket No. 114). Having reviewed the record, it is concluded that Defendants are entitled to judgment as a matter of law.

**I. STATEMENT OF FACTS**

At all times relevant to the third amended complaint in this case, plaintiff was an inmate in the custody of the New York State Department of Correctional Services and was incarcerated in the Special Housing Unit ("SHU") at the Upstate Correctional Facility

("UCF"). Defendants are all employed at UCF. Sgt. (now Lt.) William Allan and Betsy Mitchell-Oddey are alleged to have violated plaintiff's First Amendment rights by discarding or destroying his personal property in retaliation for a letter he wrote to the Superintendent at UCF intimating that Mitchell-Oddey threatened to tamper with his food. Judy McDonald is alleged to have violated his First Amendment rights by destroying or discarding his grievance forms. Defendants deny the allegations against them.

## II. DISCUSSION

### A. Standard of Review

When there is no genuine issue as to any material fact, the moving party in a motion for summary judgment is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The party moving for summary judgment has the initial burden of submitting affidavits and other evidentiary material to show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). A genuine issue of material fact exists when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby*, 477 U.S. 242, 249 (1986). Once the moving party has sustained the initial burden, the opposing party may not rest upon the mere allegations or denials of the pleadings, but instead must come forward with specific evidence, by affidavits or as otherwise provided in Rule 56, showing that there is a genuine issue for

trial. *Celotex*, 477 U.S. at 324.

### B. Retaliation Claim

To sustain a retaliation claim under the First Amendment, plaintiff must show that the speech that allegedly precipitated the retaliation was protected; that defendants took adverse action against him; and, a causal connection between the protected activity and the adverse action. *See ,e.g., Gill v. Pidypchak*, 389 F.3d 379, 380 (2d Cir. 2004). "Adverse action" is defined objectively as "retaliatory conduct that would deter a similarly situated individual of ordinary firmness from exercising ... constitutional rights." *Davis v. Goord*, 320 F.3d 346, 353 (2d Cir. 2003).

Here, Allan and Mitchell-Oddey do not contest that plaintiff's filing of a complaint against Mitchell-Oddey is a constitutionally protected activity, nor could they. *Graham v. Henderson*, 89 F.3d 75, 80 (2d Cir. 1996). Rather, they claim that plaintiff's allegations of retaliatory action by them are pure conjecture.

Both Allan and Mitchell-Oddey have submitted sworn statements attesting to the fact that they were not responsible for the receipt of plaintiff's property when he arrived at UCF, were not responsible for storing plaintiff's extra property at UCF, and had no reason to go out of their way to locate plaintiff's property (Docket No. 109, Attachments 1, 3 and 4). When plaintiff arrived at UCF, he signed for six bags of stored property and, later, upon

his transfer to Attica Correctional Facility, he signed for the same six bags of stored property (Docket No. 109, Attachment 3). Nevertheless, plaintiff states that some of the property in those bags, which he believes included shoes, a watch, clippers, and a radio, was missing. He believes that Allan and Mitchell-Oddey were responsible for taking the missing property because Allan was the sergeant of the block and Mitchell-Oddey was the main officer of the block. In other words, they have control of the area and therefore they must be responsible for taking his property (Melendez Deposition Transcript, pp 24-30).

Assuming some of plaintiff's property, including a state-issued laundry bag, is missing, there is simply no proof other than Allan's and Mitchell-Oddey's temporal proximity to the storage area to implicate them in the purported loss of plaintiff's property. Accordingly, his retaliation claim against them fails.

### C. Destruction of Grievance Forms

It is beyond cavil that inmates have a right under the First Amendment to access the courts and a right to petition the government for redress. *Lewis v. Carey*, 518 U.S. 343, 349 (1996). Although there is authority for the proposition that a violation of inmate grievance procedures does not give rise to a First Amendment claim, *see, e.g., Shell v. Brexniak*, 365 F. Supp. 2d 362, 369-70 (W.D. N.Y. 2005), it is assumed *arguendo* that it does.

In this instance, MacDonald has submitted a declaration

attesting to the fact that she, during her tenure as Supervisor of the Inmate Grievance Program (IGP) at UCF, did not destroy, waylay or discard any inmate grievance. She further avers that the grievance plaintiff filed against Mitchell-Oddey did not go through the IGP office as it bears an Superintendent's Executive Office filing stamp. Finally, MacDonald attests that during her tenure as Supervisor of the IGP office, four grievances submitted by plaintiff were processed by the office (Docket No. 109, Attachment 5). In the absence of proof of any personal involvement on MacDonald's part in the purported destruction of plaintiff's grievance, his First Amendment claim fails. *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994).

Plaintiff's claim fails for another reason. If an inmate files a grievance with prison officials, and that grievance is ignored or even destroyed as is alleged by plaintiff to have occurred here, the inmate has the right to directly petition the government for redress of his claim. *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991). Thus, the destruction of plaintiff's grievance would not create a First Amendment claim under 42 U.S.C. § 1983. *Id.; see also, Cancel v. Goord*, 2001 WL 303713 (S.D. N.Y. March 29, 2001).

**CONCLUSION**

For the reasons set forth above,

(1) Defendants' motion for summary judgment (Docket No. 83) is

**GRANTED**.

(2) The amended complaint is **DISMISSED with prejudice**.

(3) The Clerk shall enter a separate judgment in favor of defendants contemporaneously with the filing of this Decision & Order.

This the 30th day of January, 2009.

                                    Sitting by Designation:



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge